# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

A.D., a minor child, by and through his mother,
parent, legal guardian, and next friend, B.D.; and
A.B., a minor child, by and through his parents,
legal guardian and next friends, G.B. and A.B.;

        Plaintiffs,

      vs.                                    No. CIV-04-604 JC/RHS

SANTA FE PUBLIC SCHOOLS; THE BOARD OF EDUCATION
OF THE SANTA FE PUBLIC SCHOOLS; GLORIA RENDON,
Superintendent of the Santa Fe Public Schools, individually
and in her official capacity; VICKI SEWING, Principal of Salazar
Elementary School, individually and in her official capacity;
CYNTHIA SANCHEZ, Principal of Salazar Elementary School,
individually and in her official capacity; ERNEST FRANK
DOMINGUEZ, III, individually and in his official capacity; and the
NEW MEXICO STATE BOARD OF EDUCATION, now the Public
Education Commission; and MICHAEL J. DAVIS, Superintendent
of Public Instruction, individually and in his official capacity;
MARILYN SCARGALL, Director of the Professional Licensure Unit
Of the NMSBE, individually and in her official capacity; WILLIE BROWN,
Attorney Investigator for the Professional Licensure Unit of the NMSBE,
individually and in his official capacity; TUCUMCARI MUNICIPAL
SCHOOLS; THE BOARD OF EDUCATION OF THE TUCUMCARI
MUNICIPAL SCHOOLS; FELIX R. JIMENEZ, Superintendent of the
Board of Education of the Tucumcari Municipal Schools, individually
and in his official capacity; and ALLIE PELAYO, as Principal of Granger
Elementary School, individually and in his official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon Defendants' Motion for Partial Summary

Judgment Based on Absolute Immunity, filed June 21, 2005 (*Doc*. 72).  Defendants move for

partial summary judgment on the grounds that the remaining Defendants in this case are entitled to absolute immunity from suit.  The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities.  The Court finds Defendants' Motion to be well-taken and it is **granted**.

## I.     Background

In September 1998, the town of Tucumcari, New Mexico was awash in a multitude of allegations of abuse against an elementary school teacher, Defendant Ernest Frank Dominguez, III.  Mr. Dominguez had allegedly inappropriately touched several male students in a sexual manner while he was teaching at the Granger Elementary School in Tucumcari.  Defendants New Mexico State Board of Education (NMSBE), and its employees in the Professional Licensure Unit (PLU), first learned of these accusations by a newspaper reporter in Tucumcari.  Upon learning of the accusations, Defendant Willie Brown, Attorney Investigator for the PLU conducted a six-month investigation into the happenings at Tucumcari.  State regulations required appropriate inquiries, like this lengthy investigation, whenever it appeared that grounds for suspension or revocation of a license may have existed.

While conducting this investigation, Mr. Brown attempted to obtain information from the Tucumcari school administration and Mr. Dominguez about the charges, but was continually thwarted by a confidentiality agreement that had been reached between the two parties, and a lack of cooperation by the Tucumcari Police and the Quay County District Attorney.  Mr. Brown apparently tried to subpoena the information which was allegedly barred by this confidentiality agreement, but was informed that the PLU had no subpoena power unless and until charges were filed against a teacher.  Mr. Brown also spoke with the Quay County District Attorney working

on the case, Patricia Park, who informed him that an outside agency called Oasis was conducting the actual interview of students.  The District Attorney's preliminary conclusion was that the evidence did not warrant bringing any criminal charges against Mr. Dominguez.  Mr. Brown also received a letter from Frank Albetta, the attorney for Tucumcari Schools.  The letter stated that Mr. Albetta had received copies of the District Attorney's investigatory files and videotaped interviews of the complaining students, but that because of the confidentiality agreement in place, the PLU should seek further cooperation from the District Attorney's Office in obtaining copies of any documents needed.  Mr. Brown was allowed to talk with Tucumcari school officials and to attend a hearing regarding Mr. Dominguez's discharge.  However, the hearing ended up being postponed because Mr. Dominguez resigned.

Mr. Brown did try to obtain copies of the Oasis transcripts and videos from the District Attorney's Office, as well as other incident information from the Tucumcari Police, but was unsuccessful.  On November 23, 1998, Mr. Brown received a letter from the Superintendent of Tucumcari Schools, which indicated that Mr. Dominguez would resign, effective at the end of the 1998 school year, and that the confidentiality agreement would extend to all materials received by the District Attorney's Office pertaining to his investigation.  The difficulty in obtaining any information from either the Tucumcari Police or the Tucumcari School District was such an obstacle that Mr. Brown eventually met with Assistant Attorney General Al Lama to discuss how to obtain this information.  However, no help from the Attorney General's Office was ever forthcoming.  A list of children who were possible victims or informational leads was eventually provided to Mr. Brown by Mr. Albetta, and Mr. Brown attempted to contact these individuals.  From Mr. Brown's report, though, it appears that the only student contact he made was by phone

3

interviews with only two students.

Eventually, Mr. Brown concluded that the PLU neither knew nor could prove whether any inappropriate touching had occurred.  Based on Mr. Brown's report, the NMSBE decided it would not pursue a license revocation proceeding against Mr. Dominguez.  Subsequently, Mr. Dominguez gained employment teaching in the Santa Fe Public School system at Salazar Elementary School.  Mr. Dominguez was again accused of sexually abusing his students, and criminal and civil charges were brought against him.  Once again, a confidentiality agreement between the school system and Mr. Dominguez was reached, and Mr. Dominguez was allowed to keep teaching for a period of time after the agreement.  During this time period, the Plaintiffs allege that Mr. Dominguez molested them.

Throughout this litigation, various settlements have been reached.  The only remaining Defendants are the NMSBE; Michael J. Davis, Superintendent of Public Instruction; Marilyn Scargall, Director of the Professional Licensure Unit of the NMSBE; and Willie Brown, Attorney Investigator for the PLU of the NMSBE.  These Defendants seek an entry of summary judgment in their favor based on absolute immunity in this Motion and qualified immunity in a subsequent motion.  The Motion regarding Absolute Immunity is presently before this Court.

## II.    Standard of Review

Under FED. R. CIV. P. 56, summary judgment is proper in cases where, viewing the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Handy v. Price*, 996 F.2d 1064, 1066 (10th Cir. 1993).  The moving party bears the

initial burden of establishing that no genuine issue exists as to any material fact. *Nat'l Union Fire Ins. Co. v. Emhart Corp.*, 11 F.3d 1524, 1528 (10th Cir. 1993). Once the initial burden has been met, the burden then shifts to the non-moving party to show that a genuine issue of material fact remains for the fact finder to resolve. *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1194 (10th Cir. 1994). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986)).

## III.    Discussion

### A.    Absolute Immunity

Defendants contend that they enjoy absolute immunity from suit under the first two causes of action. The first cause of action asserts violations of 42 U.S.C. § 1983 by the State Defendants for knowingly failing to conduct a reasonable investigation of the allegations made against Defendant Dominguez and for failing to pull Mr. Dominguez' teaching license. The second cause of action asserts violations of 42 U.S.C. §1985(3) against the individual State Defendants for allegedly engaging in a conspiracy to allow continuing violations of the rights of male students rather than depriving Mr. Dominguez of his ability to teach.

Defendants rely on the standard proposition that public prosecutors are absolutely immune from suit when contemplating whether a prosecution should be initiated or further investigated in § 1983 suits. *Imbler v. Pachtman*, 424 U.S. 409, 422-424 (1976) (citing *Yaselli v. Goff*, 275 U.S. 503 (1927)). The Supreme Court has broadened this general rule, by holding that an agency

5

official performing certain functions which are analogous to a prosecutor should also enjoy absolute immunity. *Butz v. Economou*, 438 U.S. 478, 515-516 (1978). The Tenth Circuit has made clear that absolute immunity extends to an agency official's decision not to initiate an administrative proceeding. *Meade v. Grubbs*, 841 F.2d 1512, 1532-33 (10th Cir. 1988)(citing *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1177-78 (10th Cir. 1983)(holding that Director of Colorado Civil Rights Division is entitled to absolute immunity for closing file on employment discrimination charge because "[t]he adjudicatory and prosecutorial nature of her responsibilities is clear.")). Even more specifically, the Tenth Circuit has also held that the investigation which leads to the decision to initiate a proceeding is also protected. *Scott v. Hern*, 216 F.3d 897, 908-09 (10th Cir. 2000).

Here, Mr. Brown's investigation is clearly associated with the judicial process (a revocation hearing) that the PLU is allowed to conduct. Mr. Brown was required to conduct his inquiries by state regulation, and it was from those inquiries that a hearing against Mr. Dominguez could have been brought. Indeed, according to Mr. Brown's affidavit, the PLU determined not to pursue a license revocation proceeding against Mr. Dominguez because of Mr. Brown's report and the findings therein. As it stands, the facts before the Court seem most analogous to settled Tenth Circuit precedent that state medical board members are entitled to absolute immunity when performing adjudicatory and prosecutorial functions in the exercise of their authority to license physicians and take disciplinary action against them. *Horowitz v. State Bd. of Med. Exam'rs.*, 822 F.2d 1508, 1515 (10th Cir. 1987).

Plaintiffs argue that a distinction lies in their complaint, as they claim Defendants

intentionally and/or recklessly disregarded their investigative responsibilities.  Resp. at 10.  As

*Scott*, has established, however, an investigation leading to a formal proceeding is still protected

by absolute immunity.  *Scott*, 216 F.3d at 909.  And, as Defendants note, it does not matter if the

formal hearing ever actually takes place, as investigation before it is still protected.  *See* Reply at

6.  Again, as Defendants note, the cases Plaintiffs cite to establish when an investigative act on its

own can cause damage to plaintiffs.  *See Eden v. Voss*, 105 Fed. Appx. 234, 238 (10th Cir. 2004)

(wrongful preparation and signing of an administrative search warrant); *Rex v. Teeples*, 753 F.2d

840 (10th Cir. 1989) (mental hold without probable cause and involuntary confession by

coercion).  Yet, this is not the case here.  Defendants' investigation was solely for the purposes of

determining whether or not to occasion a formal hearing.  While it may not have been the most

complete investigation, Plaintiffs cannot hold Defendants liable for merely being mediocre.

Therefore, the Court finds that the NMSBE, Mr. Brown, Mr. Davis and Ms. Scargall are

absolutely immune from suit as to their actions or inactions regarding Count I and Count II of

Plaintiffs' Second Amended Complaint.

WHEREFORE,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment Based on
Absolute Immunity, filed June 21, 2005 (*Doc*. 72) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment
Based on Qualified Immunity, filed August 12, 2005 (*Doc*. 91) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(F) Motion to Delay Defendants'
Summary Judgment Motion Regarding Qualified Immunity and Allow Limited Discovery, filed
August 30, 2005 (*Doc*. 95) is **DENIED AS MOOT**; and

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike the Affidavit of Professor Dennis Dunklee, filed September 7, 2005 (*Doc*. 96) is **DENIED AS MOOT**.


DATED February 9, 2006.


_____

**SENIOR UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiffs:

       Patrick A. Casey, Esq.
       Patrick A. Casey, P.A.
       Santa Fe, New Mexico

       George T. Geran, Esq.
       Santa Fe, New Mexico

       Mary Ann McConnell, Esq.
       Mary Ann McConnell, P.C.
       Santa Fe, New Mexico


Counsel for Defendants:

       Stephen S. Hamilton, Esq.
       Santa Fe, New Mexico