# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

A.D., a minor child, by and through his mother,
parent, legal guardian, and next friend, B.D.; and
A.B., a minor child, by and through his parents,
legal guardian and next friends, G.B. and A.B.;

       Plaintiffs,

       vs.                              No. CIV-04-604 JC/RHS

SANTA FE PUBLIC SCHOOLS; THE BOARD OF EDUCATION
OF THE SANTA FE PUBLIC SCHOOLS; GLORIA RENDON,
Superintendent of the Santa Fe Public Schools, individually
and in her official capacity; VICKI SEWING, Principal of Salazar
Elementary School, individually and in her official capacity;
CYNTHIA SANCHEZ, Principal of Salazar Elementary School,
individually and in her official capacity; ERNEST FRANK
DOMINGUEZ, III, individually and in his official capacity; and the
NEW MEXICO STATE BOARD OF EDUCATION, now the Public
Education Commission; and MICHAEL J. DAVIS, Superintendent
of Public Instruction, individually and in his official capacity;
MARILYN SCARGALL, Director of the Professional Licensure Unit
Of the NMSBE, individually and in her official capacity; WILLIE BROWN,
Attorney Investigator for the Professional Licensure Unit of the NMSBE,
individually and in his official capacity; TUCUMCARI MUNICIPAL
SCHOOLS; THE BOARD OF EDUCATION OF THE TUCUMCARI
MUNICIPAL SCHOOLS; FELIX R. JIMENEZ, Superintendent of the
Board of Education of the Tucumcari Municipal Schools, individually
and in his official capacity; and ALLIE PELAYO, as Principal of Granger
Elementary School, individually and in his official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       THIS MATTER comes before the Court upon Defendant Public Education Commission,

Formerly Known as the New Mexico State Board of Education's Motion to Dismiss the Fourth

Cause of Action, filed June 7, 2005 (*Doc*. 61).  Defendants move for judgment in this case on the grounds that the Fourth Cause of Action fails to state a valid claim under the New Mexico Tort Claims Act, NMSA 1978 §41-4-1 et seq., and that, therefore, the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities.  The Court finds the Motion to be well-taken, and it is **granted.**

I.      **Background**

        In September 1998, the town of Tucumcari, New Mexico was awash in a multitude of allegations of abuse against an elementary school teacher, Defendant Ernest Frank Dominguez, III.  Defendant Dominguez had allegedly inappropriately touched several boys in a sexual manner while he was teaching at the Granger Elementary School in Tucumcari.  Defendants New Mexico State Board of Education (NMSBE), and its employees, first learned of these accusations by the news media of Tucumcari.  Upon learning of the accusations, Defendant Willie Brown, Attorney Investigator for the Professional Licensure Unit (PLU) of the NMSBE conducted a six-month investigation into the happenings at Tucumcari.

        While conducting this investigation, Mr. Brown attempted to talk to the Tucumcari school administration and Mr. Dominguez, but was thwarted by a confidentiality agreement that had been reached between the two.  A list of children who were possible victims or informational leads were eventually provided to Mr. Brown, and he spent much of his investigation attempting to contact these individuals.

        Eventually, Mr. Brown concluded that the PLU neither knew, nor could it prove, whether any inappropriate touching had occurred.  Based on Mr. Brown's report, the NMSBE decided it

2

would not pursue a license revocation proceeding against Mr. Dominguez.  Subsequently, Mr. Dominguez gained employment teaching in the Santa Fe Public School system, at Salazar Elementary School.  Mr. Dominguez was again accused of sexually abusing his students, and criminal and civil charges were brought against him.  Two students of Salazar Elementary School have brought suit in this Court.

Under their fourth cause of action, of their Second Amended Complaint, Plaintiffs seek to hold the NMSBE, and its employees, liable in tort pursuant to the New Mexico Tort Claims Act, NMSA 1978 § 41-4-6.  Plaintiffs specifically allege Negligent Hiring, Supervision, Operation, Maintenance and/or Retention against all State and Santa Fe Defendants.  Second Amend. Compl. at 34.  As all Santa Fe Defendants have previously been voluntarily dismissed from this suit, however, only the State Defendants remain.  These Defendants claim that the NMSBE, and Defendants Michael J. Davis, Marilyn Scargall and Willie Brown (collectively known as "State Defendants") possess immunity from suit, incapable of waiver, and that, therefore, Plaintiffs have not stated a proper claim for which relief can be granted.

## II.    Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton,* 173 F.3d at 1236.

3

III.     **Discussion**

      **A.     Duty to Operate and Maintain Salazar School Facilities**

      1.     Regulatory and Licensing v. Maintenance and Operation

    *Martinez v. Kuane Corp*., 745 P.2d 714, 715 (N.M. Ct. App. 1987), provides a clear

statement as to how courts approach the New Mexico Tort Claims Act.  As indicated by

*Martinez*, the New Mexico Legislature passed the Tort Claims Act in order to establish

governmental immunity except in eight classes of activities, which are specifically set out as

exemptions within the Act.  *Id*.  "[I]t is declared to be the public policy of New Mexico that

governmental entities and public employees shall only be liable within the limitations of the Tort

Claims Act." NMSA 1978 § 41-4-2.   Section 41-4-4 reinforces this statement, as it declares that

"governmental entities and public employees, while acting within the scope of their duties, shall be

immune from liability for any tort except as waived by the Act." *See Martinez*, 745 P.2d at 715.

Thus, indeed, as *Martinez* concludes:

> "[t]he public policy declaration of Section 41-4-2, and the immunities proviso of
> Section 41-4-4, taken together, require that plaintiffs' cause of action must fit
> within one of the exceptions to the immunity granted to governmental entities and
> public employees. If immunity has been waived, the particular agency that caused
> the harm may be held liable for the negligent act or omission of the public
> employee." *Id*.

    As one of the specific exemptions noted above, Section 41-4-6 extends the waiver of

immunity to public employees engaging in their duties on public property.  Section 41-4-6

specifically provides that:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does
> not apply to liability for damages resulting from bodily injury, wrongful death or
> property damage caused by the negligence of public employees while acting within the

4

scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.  Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water.

As Defendants note, Plaintiffs claim that "Defendants are subject to suit by reason of the waiver of immunity pursuant NMSA 1978 §41-4-6 and each and every other applicable provision of the New Mexico Tort Claims Act, §41-4-4 *et seq*." *See* Second Amend. Compl.; Mem. at 2. Yet, Plaintiffs do not appear to address any other sections of the Act, either in their Second Amended Complaint, or in their briefing regarding this Motion.  Therefore, the Court will only address Section 41-4-6 and its applicability to the facts at hand.

Defendants argue that the NMSBE had no duty to maintain or operate the Salazar Elementary School in anything like the manner that would be necessary to trigger the waiver of immunity that could possibly be granted under Section 41-4-6.  Defendants claim, instead, that their power and duties are confined to regulatory and licensing issues, and not to the day-to-day operation and maintenance of specific schools.

Defendants maintain that New Mexico statutes provide that local school districts, not the NMSBE, have the duty to operate and/or maintain school facilities.  Defendants cite to NMSA 1978 §§13-6-4 and 22-5-4 for this assertion.  Section 13-6-4 does indicate that "school districts are "political subdivisions of the state established for the administration of public schools." Section 22-5-4 significantly notes that a local school board has the power to "acquire, lease and dispose of property" and "to provide for the repair of and maintain all property belonging to the

school district."[1]  In contrast, NMSA §22-2-2 provides that the only time the state board may

actively step in to manage a school is when it has determined that a public school or school

district has "failed to meet requirements of law, state board standards or state board rules."[2]

Defendants argue that nothing like a failing of the magnitude described in Section 22-2-2 ever

happened in the case of Salazar Elementary School.  Mem. at 4. Defendants further maintain that

the direct duties of supervision and control are the responsibility of the local board, while the state

board can only regulate this local body.

Defendants contend that because the state board is limited to regulatory and licensing

power only, this power can in no way meet the definition of  "operation and maintenance" needed

to meet the waiver of immunity provided by the Tort Claims Act.  Plaintiffs argue that under

*Cobos v. Dona Ana County Hous. Auth.*, 970 P.2d 1143 (N.M. 1998), even though the NMSBE

may not have owned the Santa Fe property in question, the NMSBE and its employees could still

be held responsible for the operation and maintenance of the facilities.  Although *Cobos* does

indicate that a public employee can be held liable for the negligent maintenance and operation of

any building, not just the ones actually owned by them, it does not establish the connection of

how the State Defendants were responsible for the maintenance and operation of Salazar

Elementary School.  970 P.2d at 1146.

---

[1]As Defendants indicate in their briefing, §22-5-4 was amended as of April 4, 2003, so that
some of a local school board's duties can be found under separate denotations, namely, §22-5-4H
(repair and maintenance duty) and §22-5-14B (direct administration and supervision duties now in
local superintendent).

[2]As Defendants indicate, §22-2-2 was amended as of April 8, 2003.  The result is that the
provisions of §22-2-2W are now codified as §22-2-2V.

Even if the State Defendants could somehow be shown to owe a duty, which was not already owed by the local school district, to the property of Salazar Elementary School, the Court is still unconvinced that what Plaintiffs allege as a duty in this case falls within the waiver of immunity given to "operation or maintenance" as provided by Section 41-4-6.

2.      Operation or maintenance under Section 41-4-6

Defendants cite to several New Mexico cases where a state regulatory board was held not to be engaging in the operation or maintenance of the activities of some of its local counterparts.[3] *Martinez*, a case involving Section 41-4-6, stands for the proposition that a state agency engaging in licensing and inspection was not also engaging in the operation and maintenance of a grocery store selling rotten cheese. 745 P.2d at 717.

The most pertinent case on point, though, appears to be *Archibeque v. Moya*, 866 P.2d 344, 347 (N.M. 1994).  In this case, the New Mexico Supreme Court made clear that Section 41-4-6 does not give rise to a waiver of immunity when public employees perform administrative functions.  Further, the Court explicitly states that to read the Section as "waiving immunity for

---

[3]Defendants also cite to cases where Section 41-4-6 is not in dispute, but that do shine some light on the scope of the words "operation or maintenance".  Although *Armijo v. Dpt. of Health & Env't.*, 775 P.2d 1333, 1335 (Ct. App. 1989), does note the difference between "regulation" and "operation," this case does not even analyze Section 41-4-6, but instead Section 41-4-9, which pertains to the liability of public employees when operating within medical facilities.  Further, the word "maintenance" is not even used in this section, which *Armijo* interprets as a more limited waiver than would be in 41-4-6, where both "maintenance or operation" are used. *Chee Owens v. Leavitts Freight Serv., Inc.*, 745 P.2d 1165, 1168 (N.M. Ct. App. 1987), similarly does not actually discuss Section 41-4-6, although the wording in the Section it does discuss, 41-4-5, uses the phrase "maintenance or operation."  Even though the exact Section is not the same, however, the Court does deem as significant from this case that summary judgment was not affirmed as to the local school districts, but was affirmed as to the state defendants, as they could not be found to have participated in the operation or maintenance of a motor vehicle used by a local district.

negligent performance of administrative function would be contrary to the plain language and intended purpose of the statute." *Id*. Instead, the purpose of the Section is "to ensure the general public's safety by requiring public employees to exercise reasonable care in maintaining and operating the physical premises owned and operated by the government." *Id*. (citing *Castillo v. County of Santa Fe*, 755 P.2d 48, 50-51 (N.M. 1998).

*Archibeque* involved the mistaken placement of a prisoner in the general prison population, but the original administrative mistake was found not to have occurred during the operation and maintenance of the prison facilities. 866 P.2d at 437. Here, the decision to hire Mr. Dominguez and to allow him to teach at Salazar Elementary School appears to be an administrative decision, unrelated to the actual operation or maintenance of the physical school building or its surrounding property, at least in any way that the State Defendants would have had control over.

One of the most recent cases involving this issue, *Leithead v. City of Santa Fe*, 940 P.2d 459, 462-63 (N.M. Ct. App. 1997), which Plaintiffs place great emphasis upon, affirms that Section 41-4-6 extends beyond actual physical defects in property to encompass defective operation or maintenance of a physical property. In *Leithead*, City lifeguards were found not to have adequately performed their duties in the operation of a City pool and immunity was waived under the Act. *Id*. Leithead establishes that waiver is not just limited to physical defects in property, but also can arise in negligent public employees operate or maintain a facility in such a way as to establish an "unsafe or dangerous condition on the property or in the immediate vicinity." *Id*. at 461. Plaintiffs reason that the dangerous condition presented in *Leithead* is "most

8

directly analogous" to the situation pled herein.  Resp. at 9.  While *Leithead* does appear to broaden the scope of what constitutes "maintenance or operation" under Section 41-4-6, it still maintains that negligent supervision is not the same as negligently operating or maintaining property. 940 P.2d at 461.

In terms of educational, administrative decisions, a waiver of immunity under Section 41-4-6 does not appear to ever have been granted under New Mexico law.  As indicated by one of the most recent cases addressing the matter, if *any* decision by school personnel was operation or maintenance, Section 41-4-6 would be waived in virtually every situation. *See Upton v. Clovis Mun. Sch. Dist.*, 115 P.3d 795, 798 (N.M. Ct. App. 2005).

### B.    Conclusion

Therefore, for the aforementioned reasoning, Defendants' Motion to Dismiss the Fourth Cause of Action must be granted.  Although Plaintiffs may have had a claim for a breach of duty of some kind by the school employees of Salazar Elementary School, the State Defendants in question owed no duty of operation or maintenance to the school, and even if they did, it is improbable that a waiver of immunity would be granted under Section 41-4-6.

WHEREFORE,

**IT IS ORDERED** that Defendant Public Education Commission, Formerly Known As the New Mexico State Board of Education's Motion to Dismiss the Fourth Cause of Action, filed June 7, 2005 (*Doc.* 61) is **GRANTED.**

DATED this 14th day of February, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

       Patrick A. Casey, Esq.
       Patrick A. Casey, P.A.
       Santa Fe, New Mexico

       George T. Geran, Esq.
       Santa Fe, New Mexico

       Mary Ann McConnell, Esq.
       Mary Ann McConnell, P.C.
       Santa Fe, New Mexico

Counsel for Defendants:

       Stephen S. Hamilton, Esq.
       Santa Fe, New Mexico